UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD DILBERT,

    Petitioner,

v.

M. MARTEL, warden,

    Respondent.

                                 /

No. C 10-3396 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Clifford Dilbert, a pro se prisoner, filed this action for a writ of habeas corpus to challenge his 2005 conviction in Napa County Superior Court. Respondent has moved to dismiss the petition as untimely, and Dilbert has opposed the motion. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Following a jury trial in Napa County Superior Court, Dilbert was convicted of four counts of committing lewd acts on children under the age of 14, *see* Cal. Penal Code §288(a), and sentence enhancement allegations were found true. On September 12, 2005, he was sentenced to 15 years to life in prison. He appealed. The California Court of Appeal affirmed the judgment of conviction on April 14, 2008. The California Supreme Court denied Dilbert's petition for review on July 23, 2008.

Dilbert filed three petitions for writ of habeas corpus in state court.

Dilbert's first state habeas petition was mailed on October 17, 2009, and filed on October

22, 2009 in the Napa County Superior Court. That petition was denied on October 30, 2009 as untimely.

His second state habeas petition was filed on December 1, 2009 in the California Court of Appeal. (The mailing date is not in the record.) That petition was denied on December 3, 2009.

His third state habeas petition was mailed on December 17, 2009 and filed on December 21, 2009 in the California Court of Appeal. The petition was denied on June 23, 2010.

Dilbert then filed his federal petition for writ of habeas corpus. The federal petition was mailed on July 23, 2010, and was stamped "filed" on August 3, 2010.

As a prisoner proceeding *pro se*, Dilbert receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The mailbox rule applies to the filing of the federal petition as well as the state petitions for purposes of calculating compliance with the AEDPA. *See id.; Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002). Where the mailing date is in the record, that is used as the filing date.

**DISCUSSION**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

1 Here, the judgment became final and the limitations period began on October 21, 2008, 90 days after the California Supreme Court had denied Dilbert's petition for review on July 23, 2008. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). The presumptive deadline for Dilbert to file his federal petition was October 21, 2009. He missed that deadline by more than nine months, so unless he qualifies for substantial tolling, the petition is untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions provided that the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. at 219-20.

Dilbert receives no statutory tolling because the first state petition was filed with only a few days remaining in the limitations period and, more importantly, it was rejected as untimely. By the time he filed his first state petition, 361 days of his limitations period had passed. His first state petition was denied by the Napa County Superior Court as untimely:

> "[A] habeas corpus petition must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim." (*In re Harris* (1993) 5 Cal. 4th 813, 829, fn. 7.) Here, petitioner asserts that he received ineffective assistance of counsel because his defense attorney failed to present at trial certain medical evidence concerning the side effects of medications petitioner was taking. The petition indicates that petitioner informed his attorney of various problems and side effects arising from the many medications he was taking, but that counsel failed to follow through on this information or to present evidence related to the medication side effects at his trial, which took place in early 2005. Additionally, the petition reveals that petitioner became aware of supplemental information about problems and side effects associated with one of his medications (Ambien), in June of 2006, and became aware of additional but related information in March of 2007 and June of 2008. Nevertheless, these claims were not raised in petitioner's appeal (filed 10/21/05 and affirmed with sentencing modification 8/18/08) and the instant petition for writ of habeas corpus was not filed until October of 2009. [¶] Petitioner has offered no justification for the lengthy delay. The petition is,

3

therefore, DENIED.

Resp. Ex. 4. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citing *Carey v. Saffold*, 536 U.S. at 226). As in *Pace*, "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)." *Id.* at 413; *see also Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (no statutory tolling for petition rejected as untimely by California Supreme Court because petition was not "properly filed;" fact that California's timeliness rule frequently requires consideration of diligence does not matter); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to case at page opinion discusses timeliness determinations was clear denial on timeliness grounds and therefore petition was neither "properly filed" nor "pending"). Due to the denial of the first state petition as untimely, the limitations period clock kept ticking and the limitations period expired on October 21, 2009, shortly after the first state petition was filed. The second and third state petitions had no tolling effect because the limitations period had ended months before they were filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Dilbert argues in opposition to the motion to dismiss that the state court wrongly denied his first state petition because it was timely filed under the AEDPA. This argument fails to persuade because the AEDPA deadline applies to federal courts and not to state courts. The fact that the first state petition would have been timely if sent to the federal court does not mean it was timely filed in state court. A state's limitations period is separate and apart from the limitations period for federal petitions. *Cf. Ferguson*, 321 F.3d at 823 (Oregon's two-year limitations period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their

4

right to federal habeas review).

Dilbert also argues that the state court's determination that the first state petition was untimely should be ignored because the state "has not set a specific time structure, in noncapital cases, for the filing of habeas corpus petitions." Opposition at 2. This argument is foreclosed by several cases that have rejected similar arguments. *Pace* determined that the existence of certain state law exemptions to a timely filing requirement do not prevent a late application from being considered improperly filed. *See Pace*, 544 U.S. at 413 (a state postconviction petition rejected by the state court as untimely and which does not fit within any exceptions to that limit is no more "properly filed" than a petition filed after a time limit that permits no exception). Following *Pace*, the Ninth Circuit has determined that the fact that California provides exceptions to its timely filing requirement does not prevent an application from being considered improperly filed in *Lakey v. Hickman*, 633 F.3d at 786.

Dilbert further argues that the rejection of his first state petition was improper because there *was* a reason for his delayed presentation in state court, i.e., he had some new evidence about the medications he was taking. This argument also fails to persuade because the federal court does not review the propriety of the state court's procedural rejection of a petition. *See generally Pace,* 544 U.S. at 414; *Carey*, 536 U.S. at 226.

Out of an abundance of caution, the court also considers whether this last reason offered by Dilbert supports any equitable tolling. The § 2244(d) limitations period can be equitably tolled for a petitioner who shows (1) that he pursued his rights with reasonable diligence and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Dilbert asserts a claim that his counsel was ineffective in that she (1) failed to seek a continuance of the trial so that Dilbert could be "detoxified before trial" from the effects of several medications he was taking, and (2) failed to call and question witnesses to introduce evidence about the effects of medications. *See* Petition attachment, pp. 2-4. Dilbert asserts that he had newly discovered evidence about this claim, but the evidence

was not new to him: he became aware of one drug's "severe side effects" in June 2006, and of more side effects of the same drug in March 2007. Petition attachment, p. 12-13. Other sources later provided other information about the drug's side effects, including an article in April 2007 posted on the internet and a drug manufacturer's medication guide in June 2008. *Id.* at 13. However, these sources were discussing a symptom he already knew he had, and had complained to counsel about during the trial. *See* Petition, Ex. C, Dilbert Decl., ¶¶ 4-8. This information does not support equitable tolling because it was known to Dilbert before the conclusion of his direct appeal. He is not entitled to equitable tolling for the 11+ months after his direct appeal concluded before he filed his first state habeas petition because the relevant information was known to him before his direct appeal even concluded. He could have filed a habeas petition in state court before his state appeal even concluded, and he has not shown why he waited so many, many months to do so. To the extent he blames his attorney for being slow to forward a copy of the record on appeal to him, he does not show that this was anything more than the kind of routine negligence that is insufficient to warrant equitable tolling. *See Holland*, 130 S. Ct. at 2564-65. He has not shown that he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. The limitations period will not be equitably tolled.

Dilbert's federal petition was deemed filed on July 24, 2010, more than nine months after the limitations period had expired. The petition must be dismissed because it was not filed before the expiration of the habeas statute of limitations period.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

/ / /

/ / /

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 6.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1).

The clerk will close the file.

IT IS SO ORDERED.

DATED: June 20, 2011

_____
SUSAN ILLSTON
United States District Judge