UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD DILBERT, <br>     Petitioner, <br>   v. <br> M. MARTEL, warden, <br>     Respondent. | No. C 10-3396 SI (pr) <br><br> **ORDER DENYING SECOND RULE 60(b) MOTION** |

This action for writ of habeas corpus was dismissed on June 20, 2011 because the petition was barred by the statute of limitations. Petitioner filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(1) and (6), which the court denied on July 6, 2011. This court denied a certificate of appealability in 2011 and the Ninth Circuit denied a certificate of appealability in 2012. The case returns for the court's attention because petitioner has filed a second motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(1) and (6). (Docket # 25.)

Under Rule 60(b)(1), a party may move for relief from the judgment for "mistake, inadvertence, surprise, or excusable neglect." Such a motion must be made within one year after the entry of the judgment. *See* Fed. R. Civ. P. 60(c). Relief under Rule 60(b)(1) is foreclosed because petitioner's motion was filed more than a year after entry of the judgment.

Rule 60(b)(6) is a "catchall provision" that allows relief for "any other reason that justifies relief" and applies only when the reason for granting relief from a judgment is not covered by any of the other reasons specified in Rule 60(b). *See Jones v. Ryan*, 733 F.3d 825,

1 839 (9th Cir. 2013). The movant "must show 'extraordinary circumstances' justifying the
2 reopening of a final judgment." *Id.* (citation omitted). Relief under the catch-all provision of
3 Rule 60(b)(6) is not warranted here. The overwhelming majority of the argument in the motion
4 is just a rehash of arguments previously made and rejected. Some of it is simply a photocopy
5 of earlier filings. *Compare, e.g.,* Docket # 25-3 at 4-8 and Docket # 25-9 at 47-49 (pages 58-63
6 and 248-250 of the second motion for relief from judgment) *with* Docket # 5 at 35-40 and 44-46
7 (motion for a certificate of appealability) in *Dilbert v. Martel*, Ninth Circuit Case No. 11-16753.
8 The relevant law has not changed. Petitioner has identified some new cases, but those cases do
9 not alter the conclusion in the order of dismissal that his habeas petition is time-barred. He also
10 presents no new relevant evidence. The evidence about the sleep and pain medications was
11 known to him before this action was even filed, and has already been presented unsuccessfully
12 to this court and the Ninth Circuit. The evidence that his appellate counsel was slow to deliver
13 files (or, in petitioner's words, abandoned and extorted him) was known to him before this action
14 was even filed and already has been considered. The only new information in the second motion
15 for relief from judgment is that petitioner filed a complaint against his former appellate attorney
16 in the California State Bar and received a letter dated April 16, 2014 from the California State
17 Bar stating that his case had been reopened and his "complaint has now been forwarded to the
18 Enforcement Unit for investigation and prosecution, if warranted." Docket # 25-10 at 2 (motion
19 for relief from judgment, at 251). The existence of an open investigation does not prove there
20 was attorney misconduct – what matters is what the attorney did or failed to do in 2008-2009,
21 and those facts have long been known to and argued by petitioner in this court and the Ninth
22 Circuit. Insofar as petitioner urges new or different facts about appellate counsel's acts and
23 omissions in 2008-2009, relief under Rule 60(b)(6) is rejected for the additional reason that the
24 motion was not made within a reasonable time of him becoming aware of those facts. *See* Fed.
25 R. Civ. P. 60(c)(1) (motion under Rule 60(b)(4-6) must be filed "within a reasonable time"). The
26 motion for relief from the judgment is DENIED. (Docket # 25.)

A certificate of appealability will not issue. See 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]" in the Order Of Dismissal or in this order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The denial of the certificate of appealability is without prejudice to petitioner seeking a certificate from the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

DATED: June 27, 2014

_____
SUSAN ILLSTON
United States District Judge